# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODNEY EUGENE FARMER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-CIV-259-JHP-SPS |
| | ) |
| **INTERNET (regular and police),** | ) |
| **JUST BUSTED PAPER AND D.O.C.** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is Plaintiff's Complaint (Dkt. # 1) and Plaintiff's Motion for Appointment of Counsel. On June 19, 2013, this case was converted to a civil rights complaint (Dkt. # 4), pursuant to 42 U.S.C. § 1983. The problem, however, is even construing Plaintiff's allegations liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Complaint fails to allege any facts sufficient to support a civil rights cause of action against any specific individual. Additionally, the Complaint does not allege any jurisdictional facts which would support this Court's exercise of jurisdiction. Furthermore, the complaint does not even come close to supporting a claim for defamation. The letter attached to said complaint is incoherent babble about things that plaintiff claims have been said on the internet about him, his "ex wife . . . common law," and her daughter, including an alleged due process violation in the summer of 1997. Plaintiff's letter also talks about illegal representation which he received and illegal sentences given to him in 1996. The letter also talks about a claim for defamation although it is not clear who actually engaged in the defamatory allegations. The letter also states D.O.C. likes to send him things thru the mail which has resulted in the post office knowing about his health.

On August 28, 2013, Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff was ordered to pay an initial partial filing fee of $10.59 within twenty (20) days. To date, Plaintiff has not complied with this Court's order.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an action if it is (1) frivolous or (2) fails to state a claim on which relief may be granted. While *sua sponte* dismissals are generally disfavored, where the complaint is "clearly baseless" dismissal is warranted. *Hall v. Bellmon*, 935 F.2d 1106, 1108-1109 (10th Cir. 1991). The allegations in the complaint do not create a claim upon which this lawsuit can proceed. Accordingly, this Court finds Plaintiff's action is frivolous and that Plaintiff fails to state a claim on which relief can be granted. Therefore, this action is **dismissed with prejudice**. Additionally, the plaintiff's motion for appointment of counsel is **denied**. Furthermore, this dismissal shall be entered as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

It is so ordered on this  24th  day of September, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma